UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P415-H

NICKOLAS S. KNAUER *et al.*　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS

v.

DANNY FACKLER *et al.*　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

### MEMORANDUM OPINION AND ORDER

　　　　Plaintiffs Nickolas S. Knauer and David L. Wilson initiated this *pro se* civil action under 42 U.S.C. § 1983.  On June 14, 2010, the Clerk of Court issued a Notice of Deficiency to Plaintiff Wilson directing him to either pay the $350.00 filing fee or to file an application to proceed without prepayment of fees along with a prison trust account statement for the preceding 6 months within 30 days.  Plaintiff Wilson failed to respond to the Notice of Deficiency.  Therefore, on July 28, 2010, the Court entered an Order directing Plaintiff Wilson to pay the filing fee or to file an application to proceed without prepayment of fees.  The Order warned Plaintiff Wilson that failure to tender the filing fee or to file an application to proceed without prepayment of fees within 14 days "**will result in dismissal** of his claims" (emphasis in original).  Plaintiff failed to respond to the Court's Order.

　　　　Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, **IT IS ORDERED** that the claims by Plaintiff David L. Wilson are **DISMISSED without prejudice**.  The Clerk of Court is **DIRECTED** to terminate Plaintiff Wilson from the action.

Date:

cc: Plaintiffs, *pro se*

4412.010