UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P415-H

NICKOLAS S. KNAUER                                                          PLAINTIFF

v.

DANNY FACKLER *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Nicholas S. Knauer filed a *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court for initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

### I.

Plaintiff states in the complaint that he is a pre-trial detainee at the Bullitt County Detention Center (BCDC).[1] Plaintiff sues Danny Fackler, Jailer of BCDC; Martha Knox, Deputy Chief Jailer of BCDC; and Donna Bullock and Rosie Smith, Medical Nurses at BCDC. Plaintiff states, "BCDC has Violated my 1, 5, 6, 8 and 14th Amendment Rights." Plaintiff further states as follows:

> 1) When I came to B.C.D.C. in 5-10-09 in the afternoon I was striped serched by C.O. Qinnle the state cornator. 2) I was asked to strip down and turn arounld and spread my but cheeks and I did so. 3) While I have been at B.C.D.C. I have been verey depressed, so I went to the nures Rosie Smith and the head nures Donna

---

[1]Plaintiff initially filed this action jointly with another inmate, David L. Wilson. However, the claims by Wilson were dismissed for failure to comply with the Court's Order (DN 10).

> Bullock to get on some depression meds. They told me that thier was no doc. here to prescrive meds. 4) I tryed to comite suaside. cut my rests. I was put on suaside wache. The jailer Danny Fackler came and talked to me and I told him my problem and he said "it would be all right" It wasn't all right! Preazes came and seen me. Adam for 7 couients said that I needed to be on meds. Nouthing was ever done by the jail.

Additionally, Plaintiff alleges that "they have lost my propriety at B.C.D.C." He states that his property was destroyed by C.O. Maddon and C.O. Stocmman and that Knox will not replace it. Finally, Plaintiff alleges that "B.C.D.C is holding my mail!! Outgoing, and Coming IN. <u>Personal and Legal</u>."

## II.

When a prisoner initiates a civil action proceeding *in forma pauperis*, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

2

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. <u>Strip search</u>

Plaintiff states that when he was processed into BCDC he was strip-searched by C.O. Qinnle. However, Plaintiff does not name C.O. Qinnle as a Defendant in this action. Furthermore, Plaintiff has not alleged a physical injury in connection with the strip search. A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Applying this standard, the Sixth Circuit has repeatedly dismissed claims for purely emotional injury, humiliation, or affronts to dignity as lacking the requisite physical injury. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming dismissal of claims for mental or emotional injury arising out of strip searches); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching"); *Bey v. Garber*, No. 99-1471, 2000 U.S. App. LEXIS 11427, at *1 (6th Cir. 2000) (alleged embarrassment suffered by inmate seen naked by female corrections staff failed to satisfy physical-injury requirement); *see also Thompson v. Warren*, No. CV 106-099, 2007 U.S. Dist. LEXIS 99471, at *3 n.2 (S.D. Ga. 2007) (dismissing claims seeking compensatory damages for "loss of dignity, shame, and mortification"). Since Plaintiff alleges no physical injury in connection with the strip search, Plaintiff's claim related to the strip search will be dismissed for failure to state a claim upon which relief could be granted.

3

B.  **Personal property**

Plaintiff alleges that his personal property was destroyed by C.O. Maddon and C.O. Stocmman and Defendant Knox would not replace it. Plaintiff does not name Maddon or Stocmman as Defendants. Moreover, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt,* 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, Plaintiff's claim against Defendant Knox in her individual and official capacity in connection with her alleged failure to replace his lost property fails to state a claim upon which relief may be granted.

C.  **Mail**

Plaintiff claims that BCDC is "holding" his outgoing and incoming mail. A total ban on sending and receiving mail by a prison or jail is a violation of First Amendment rights still retained by prisoners. *See Preston v. Cowan*, 369 F. Supp. 14, 23 (W.D. Ky. 1973), *aff'd in part*

*and vacated in part on other grounds*, 506 F.2d 288 (6th Cir. 1974). However, Plaintiff does not identify who is holding his mail or describe any facts surrounding the alleged violation. Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). As such, this claim does not state a claim upon which relief may be granted. Should Plaintiff wish to amend his complaint to provide additional facts concerning this allegation, he may file a motion to amend the complaint and a proposed amended complaint.

**D.    Medical care**

Plaintiff alleges that Defendants Smith, Bullock, and Fackler ignored his requests for medicine to treat his depression and that he tried to commit suicide. He also states that he was told that there was no doctor at BCDC to prescribe medicines. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[2] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official may be held liable under the Eighth Amendment/Fourteenth Amendment for denial of medical treatment if the prisoner demonstrates the existence of a "sufficiently serious" medical need and that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Miller*

---

[2]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Plaintiff states that he is a pretrial detainee. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Therefore, the Court will review Plaintiff's claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

*v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). Upon review, the Court will allow Plaintiff's claims for denial of medical treatment to proceed for further development against Defendants Smith, Bullock, and Fackler in their individual and official capacities.

E.     **Fifth Amendment**

The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of county, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claims for failure to state a claim.

F.     **Sixth Amendment**

The Sixth Amendment of the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be

> informed of the nature and cause of the accusation; to be
> confronted with the witnesses against him; to have compulsory
> process for obtaining witnesses in his favor, and to have the
> Assistance of Counsel for his defence.

U.S. Const. amend. VI. Plaintiff does not explain how Defendants' alleged actions violated his Sixth Amendment rights, and the Court cannot find any allegations in the complaint that would establish a violation of the Sixth Amendment. Accordingly, the Court will dismiss Plaintiff's Sixth Amendment claims.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Bullitt County Attorney
4412.010